Public Consulting Group, LLC,                :
                       Petitioner                :
                                        :
          v.                                     :
                                          :
Commonwealth of Pennsylvania,                :
Department of Human Services,                :   No. 850 C.D. 2022
                       Respondent                :   Submitted: March 31, 2023


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                               FILED: August 8, 2023

        Public Consulting Group, LLC (PCG) petitions this Court for review of the Commonwealth of Pennsylvania (Commonwealth), Department of Human Services' (Department) July 27, 2022 Final Agency Determination denying PCG's bid protest (Protest). PCG presents two issues for this Court's review: (1) whether the Department's Bureau of Financial Operations, Office of Administration's Director (Director) acted in an arbitrary or capricious manner, abused her discretion, and/or acted contrary to law in concluding that PCG's Protest was untimely; and (2) whether the Director acted in an arbitrary or capricious manner, abused her discretion, and/or acted contrary to law in affirming the Department's decision that PCG's proposal was untimely. After review, this Court affirms.

        On March 17, 2022, the Department issued a Request for Proposals (RFP) seeking to procure the use of an online system for the School-Based ACCESS

Program,[1] along with associated services to operate and maintain the system. The RFP contained four mandatory responsiveness requirements. The first mandatory requirement was that a proposal must be timely submitted by, and timely received from, an offeror. The RFP required that all electronic proposals be uploaded to the Commonwealth's JAGGAER[2] system portal by May 3, 2022, at 12:00 p.m.[3] On April 30, 2022, the Department sent PCG an email reminder of the proposal submission deadline. PCG uploaded documents to the JAGGAER system on May 2 and May 3, 2022.

PCG modified questions in the JAGGAER system between 11:52 a.m. and 11:59 a.m. on May 3, 2022. PCG last modified its answer to RFP Question 1.5.1 at 11:59:48 a.m. The JAGGAER system did not record that PCG completed the Review and Submit page for its proposal submission before 12:00 p.m. on May 3, 2022. Thus, the JAGGAER system did not receive PCG's submission before the event closure at 12:00 p.m. on May 3, 2022. PCG staff member Jennifer Taylor (Taylor) emailed the Department's Issuing Officer Ross Bowman (Bowman) on May 3, 2022, at 3:11 p.m., requesting confirmation of PCG's proposal submission.

On May 4, 2022, Bowman replied to Taylor's email, stating that he did not receive PCG's submission in JAGGAER, and that if she had a technical issue,

---

[1] "The School[-]Based ACCESS Program [] is a program that allows school districts and intermediate units to receive reimbursement through Medicaid for medical/mental health-related services that are provided by health care professionals to students with an [individualized education program] that are enrolled in the [Pennsylvania] Medical Assistance program." https://www.philasd.org/treasury/divisions-of-special-finance/access (last visited Aug. 7, 2023).

[2] JAGGAER is an all-in-one software platform which provides Cloud-based business automation technology for business spend management. *See* www.jaggaer.com (last visited Aug.7, 2023).

[3] An offeror must complete the Review and Submit page on the JAGGAER portal to electronically submit a proposal. When an offeror selects the Submit Response button, the Supplier Response log displays *Review and Submit*, *Submit Response*, and *Submitted* for the offeror's recorded actions. Once a proposal is successfully submitted, the offeror will receive a confirmation message with summary details of the event.

she should contact JAGGAER Support. Bowman further stated that, at that point, he could only accept a submission if PCG could prove that it had attempted submission before the deadline, that the failure to submit was the result of a technical issue, and that the proposal had not changed since the attempted submission. PCG opened a case with JAGGAER Support concerning PCG's response not being submitted.

On May 5, 2022, PCG Manager Peter Marshall (Marshall) contacted Bowman about PCG's proposal submission. Bowman informed Marshall that the proposal was not submitted successfully in the JAGGAER system and, thus, was not available for the Department to view or download. Bowman reiterated that, due to the RFP's mandatory responsiveness requirements, in order to consider the proposal for submission, PCG had to supply additional information; namely, proof of submission before the deadline, evidence of a technical issue, and no change in the proposal after the submission deadline.

Bowman confirmed that the JAGGAER system showed PCG was working in the JAGGAER system when the event closed, and that PCG had not completed the final Review and Submit step prior to the closing of the event. PCG provided the Department with screenshots showing that PCG uploaded documents, but did not provide confirmation of its receipt in the JAGGAER system.

The Department's procurement staff verified with the Department of General Services staff that there were no JAGGAER system issues on May 3, 2022, that PCG was working in the JAGGAER system at the time the solicitation closed, that the supplier response log shows when Review and Submit is completed with a response, and that once an event closes, the Review and Submit button becomes unavailable.

On May 13, 2022, PCG filed its Protest. On May 27, 2022, the Department issued a response to PCG. On June 3, 2022, PCG filed a reply to the

3

Department's response.[4]   On July 27, 2022, the Director denied PCG's Protest, concluding that it was untimely, but even if it was timely, the Department did not err by rejecting PCG's proposal.  PCG appealed to this Court.[5]

PCG first argues that the Director acted in an arbitrary or capricious manner, abused her discretion, and/or acted contrary to law in concluding that PCG's Protest was untimely.  Specifically, PCG contends that it filed its Protest two days after it knew or should have known that the Department rejected its proposal.  PCG asserts that the Department left open whether it would accept or reject PCG's proposal; thus, PCG did not learn until May 11, 2022, when the Department informed PCG that no known technical issue had prevented PCG's proposal from being submitted, that the Department was rejecting its proposal.  PCG claims that it filed its Protest two days later, on May 13, 2022.  The Department rejoins that PCG knew on May 4, 2022, that timely receipt was a mandatory requirement of the RFP, and that the Department had not received PCG's proposal, yet PCG did not file its protest until May 13, 2022.

Initially, Section 1711.1(a) of the Commonwealth Procurement Code (Code) provides:

> A bidder or offeror, a prospective bidder or offeror or a prospective contractor that is aggrieved in connection with the solicitation or award of a contract, except as provided in [S]ection 521 [of the Code] (relating to cancellation of invitations for bids or requests for proposals), may protest to the head of the purchasing agency in writing.

---

[4] PCG did not request an evidentiary hearing in either its initial Protest or its reply.

[5] "This Court's scope of review of the Director's final determination is limited to considering 'whether the determination of the [Department] [was] arbitrary and capricious, an abuse of discretion[,] or contrary to law.'"  *KPMG LLP v. Dep't of Hum. Servs.*, 276 A.3d 308, 313 n.4 (Pa. Cmwlth. 2022) (quoting *JPay, Inc. v. Dep't of Corr.*, 89 A.3d 756, 761 n.2 (Pa. Cmwlth. 2014)).

4

62 Pa.C.S. § 1711.1(a).  Significantly, Section 1711.1(b) of the Code mandates:

> If the protestant is a bidder or offeror or a prospective contractor, **the protest shall be filed** with the head of the purchasing agency **within seven days after the aggrieved bidder or offeror or prospective contractor knew or should have known of the facts giving rise to the protest** except that in no event may a protest be filed later than seven days after the date the contract was awarded.  If the protestant is a prospective bidder or offeror, a protest shall be filed with the head of the purchasing agency prior to the bid opening time or the proposal receipt date.  If a bidder or offeror, a prospective bidder or offeror or a prospective contractor fails to file a protest or files an untimely protest, the bidder or offeror, the prospective bidder or offeror or the prospective contractor shall be deemed to have waived its right to protest the solicitation or award of the contract in any forum.  **Untimely filed protests shall be disregarded by the purchasing agency**.

62 Pa.C.S. § 1711.1(b) (emphasis added).

> This Court has explained:

> Where the protest challenges a term or provision of the invitation for bids or request for proposals or the issue that it raises was apparent from the invitation for bids or request for proposals, **the offeror or bidder must file that protest no later than seven days after it has notice of that term or provision**, despite the fact that no selection or rejection of any bids or proposals has occurred.

*Gateway Health Plan, Inc. v. Dep't of Hum. Servs.*, 172 A.3d 700, 705 (Pa. Cmwlth. 2017) (emphasis added).

> Here, Section 12 of the RFP stated:

> To be considered for selection, <u>the electronic submission of an [o]fferor's proposal must be uploaded to this website on or before the time and date specified in the RFP Calendar of Events Buyer Attachment</u>.  Offerors should allow sufficient time for the electronic uploading of documents within this site.  Hard copies of the completed Corporate and Key Personnel Reference Questionnaires

> need to arrive at the Issuing Office by the date and time specified in the RFP Calendar of Events [Buyer Attachment]. [The Department] will **not** accept submission of these reference questionnaires via email or facsimile transmission. [The Department] will reject any late proposals.

Reproduced Record (R.R.) at 23a (underline emphasis added). Further, Section 32 of the RFP instructed, in relevant part: "Mandatory Responsiveness Requirements. To be eligible for evaluation and selection, a proposal must: A. **Be timely received from and timely submitted by an [o]fferor** (see Section 12 [of the RFP])[.]" R.R. at 28a (emphasis added).

According to the RFP's "CALENDAR OF EVENTS [BUYER] ATTACHMENT[,]" '[t]he electronic proposal must be submitted within this site **and** reference questionnaire forms should be received by the Issuing Office at RA-PWRFPQUESTIONS@PA.GOV" by "Offerors" on "May 3, 2022[,] 12:00 P[.]M[.] EST[.]" R.R. at 33a (underline emphasis added).

On **May 4**, **2022**, in response to an email from Taylor asking for confirmation of receipt of PCG's proposal, Bowman expressly stated:

> **I did not receive [PCG's] submission** in JAGGAER. If you had a technical issue, please contact JAGGAER Support at + 1 (800) 233-1121. I can only accept your submission at this point if you are able to provide proof that you attempted submission prior to the deadline, that the failure to submit was the result of a technical issue, and that the proposal has not changed since attempted submission.

R.R. at 42a (emphasis added). Consequently, PCG was aware on May 4, 2022, that its proposal was not "timely received from and timely submitted" as required by Section 32 of the RFP. R.R. at 32a. Because the proposal's timeliness "was apparent from the . . . [RFP,]" PCG had "seven days after it ha[d] notice of that term or provision" to file its Protest. *Gateway*, 172 A.3d at 705. Thus, PCG had until May

6

11, 2022, to file its Protest. Given that PCG filed its Protest on May 13, 2022, the Department properly concluded that it was untimely.

Even if PCG's bid protest was timely filed, because the JAGGAER system did not receive PCG's submission before the deadline, and PCG was "[un]able to provide proof that [it] attempted submission prior to the deadline, that the failure to submit was the result of a technical issue, and that the proposal ha[d] not changed since attempted submission[,]" the Director properly affirmed the Department's ruling that PCG's proposal was untimely. R.R. at 42a; *see also id*. at 38a ("if you are unable to demonstrate a technical error in the JAGGAER system that prevented completion of this final step, then [the Department] must reject the proposal"); *id*. at 35a ("there were no known technical issues with JAGGAER at the time").

For all of the above reasons, the Department's Final Agency Determination is affirmed.

_____
ANNE E. COVEY, Judge

Public Consulting Group, LLC, :
          Petitioner :
           :
        v. :
           :
Commonwealth of Pennsylvania, :
Department of Human Services, : No. 850 C.D. 2022
          Respondent :

## O R D E R

AND NOW, this 8th day of August, 2023, the Commonwealth of Pennsylvania, Department of Human Services' July 27, 2022 Final Agency Determination is affirmed.

_____

ANNE E. COVEY, Judge